## STATE OF FLORIDA v CANOUSE

Case No. 88-13606 MM 10A

County Court, Broward County

May 18, 1989

### APPEARANCES OF COUNSEL

**Kathryn J. Poblocki,** Assistant State Attorney, for plaintiff.

**George T. Pallas,** for defendant.

### OPINION OF THE COURT

JUNE LARAN JOHNSON, County Judge.

### *ORDER DENYING MOTION FOR NEW TRIAL AND MOTION FOR ARREST OF JUDGMENT*

THIS CAUSE came on to be heard upon timely filed Motions for

164

New Trial and for Arrest of Judgment and the Court enters the following Order:

## FINDINGS OF FACT

CANOUSE was arrested for Driving Under the Influence on May 29, 1988. His previous attorney, prior to arraignment, filed a pleading entering his appearance and requesting a bench trial. Prior to the first setting of trial, CANOUSE's present attorney filed a Demand for Jury Trial as well as a Memorandum of Law in support thereof. This Court denied the Demand for Jury Trial.

CANOUSE, through his attorney, filed a Demand for Speedy Trial on December 19, 1988. The case was set for trial on February 8, 1989. On that date, CANOUSE filed a Motion for Discharge alleging that because the State had not brought him to trial within fifty (50) days after the filing and serving of the Demand, he should be discharged in this matter. The Court, after extended argument, denied the motion holding that the State had sixty (60) days following the Demand for Speedy Trial to bring CANOUSE to trial. CANOUSE was tried by the Court and found guilty on February 8, 1989, this being the fifty-first (51) day following the Demand for Speedy Trial.

## CONCLUSIONS OF LAW

### A. MOTION FOR NEW TRIAL

The Court finds that CANOUSE's previous attorney, by filing a written pleading requesting that the case be set for trial by judge, thereby waived CANOUSE's right to trial by jury and, therefore, denies CANOUSE's Motion for New Trial on that basis.

### B. MOTION FOR ARREST OF JUDGMENT

CANOUSE presented persuasive authority for the proposition that a Demand for a Speedy Trial filed in a misdemeanor case gives rise to a fifty (50) day period. *State v Kilts,* 24 Fla.Supp. 2d 119 (17th Cir. Ct. 1987); *State v Andino,* 24 Fla. Supp.2d 142 (11th Cir. Ct. 1987) *cert. denied* 513 So.2d 1073 (Fla. 3d DCA 1987). Indeed, since argument on CANOUSE's Motion for Arrest of Judgment, yet another Circuit Court, in its appellate capacity, has held that a demand in a misdemeanor case gives rise to a fifty (50) day period. *State v Gerber,* 34 Fla. Supp.2d —— (17th Cir. Ct. 1989). The State presented to the Court the unreported decision of *State v Chyboin,* Case No. 86-73-AC-10 (Fla. 17th Cir. Ct.; August 5, 1987) which holds that a demand in such circumstances gives rise to a sixty (60) day period.

The Court denies CANOUSE's Motion for Arrest of Judgment but

**165**

notes the conflict among the various courts and is of the opinion that resolution of the instant issue will promote the fair administration of justice.

## ISSUE CERTIFIED

Pursuant to Rule 9.160, Florida Rules of Appellate Procedure, I hereby certify that the following issue is of great public importance.

WHETHER THE LANGUAGE OF THE SPEEDY TRIAL RULE (3.191) AND THE CASES CONSTRUING THE RULE RE-QUIRE DISCHARGE WHERE A DEFENDANT IN A CRIMI-NAL MISDEMEANOR CASE IS NOT BROUGHT TO TRIAL WITHIN FIFTY (50) DAYS OF THE FILING OF A DEMAND FOR SPEEDY TRIAL?

DONE AND ORDERED this 18th day of May, 1989, at Fort Lauderdale, Broward County, Florida.